UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FANCY THAT! BISTRO & CATERING, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>SENTINEL INSURANCE COMPANY, LIMITED and THE HARTFORD FINANCIAL SERVICES GROUP, INCORPORATED, d/b/a THE HARTFORD,<br><br>      Defendants. | Civil Action No. 3:20-cv-2382-BHH<br><br>**Opinion and Order** |

This matter is before the Court on Defendant The Hartford Financial Services Group, Incorporated's ("HFSG") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). (ECF No. 12.) For the reasons set forth in this Order, the motion is granted.

**BACKGROUND**

Plaintiff Fancy That! Bistro & Catering, LLC ("Fancy That") is a catering company located in Columbia, South Carolina, that has served as the preferred caterer for minor league baseball team Columbia Fireflies and the South Carolina Bar Association. (Compl. ¶¶ 12–13, ECF No. 1.) Fancy That also provided the local college community with student dorm delivery. (*Id.* ¶ 14.) Moreover, Fancy That derived a significant portion of its revenue from weddings and large events with hundreds of people in attendance. (*Id.* ¶ 15.)

This action arises out of the COVID-19 pandemic and the Spectrum Business Owner's Policy, No. 22 SBA AE3310 (the "Policy") issued to Fancy That by Defendant

1

Sentinel Insurance Company, Limited ("Sentinel"). (*See* ECF No. 12-1.) After the novel coronavirus (SARS-CoV-2) and the disease caused by this virus, COVID-19 (the "Virus"), caused the suspension of non-essential businesses in South Carolina, Fancy That submitted a claim for business interruption under the Policy and alleged that its claim was wrongfully denied. (Compl. ¶¶ 11, 21, 33, 58.) Rather than suing Sentinel alone, Fancy That also sued Sentinel's corporate parent, HFSG; however, other than lumping Sentinel and HFSG together under the monikers, "Defendants" and "Insurers" (*see* Compl. *passim*), the complaint does not allege any specific dealings between Fancy That and HFSG.

Fancy That alleges that HFSG "serves as a holding company for several smaller insurer subsidiaries including Sentinel." (Compl. ¶ 3.) It further alleges that HFSG is a Delaware corporation, while acknowledging that Sentinel is a Connecticut corporation. (*Id.* ¶¶ 2–3.) Thus, the complaint recognizes that Defendants are distinct corporate entities. It does not include any factual allegations designed to show that corporate separateness should be disregarded. Fancy That asserts that the Policy "includes the names of both Defendants, and various claims materials including the denial letter include one or the other, and sometimes both names and/or logos of the companies[;]" from this, Fancy That concludes "the Insurers appear to have jointly issued the subject policy and adjusted the claims that are [sic] subject of this suit." (*Id.* ¶ 20.) Fancy That cites references to "The Hartford" in the Policy and the claims correspondence to support its allegation that it believed "The Hartford" was its insurer. (*Id.* ¶¶ 20, 58.)

Fancy That submitted a claim under the Policy for its alleged business income losses due to the Virus and the claim was denied. The denial letter stated it was from

"The Hartford Cat Claim Office" and contained a Hartford logo. (*Id.* ¶ 58.) Fancy That filed the instant lawsuit against Sentinel and HFSG, asserting breach of contract and declaratory judgment claims. (*Id.* ¶¶ 95–193.) Fancy That seeks to represent a class of similarly situated policy holders who (1) purchased a "Spectrum Business Owner's Policy" with business income coverage and (2) were denied business income interruption claims due to the Virus.

HFSG filed a motion to dismiss for lack of standing, lack of personal jurisdiction, and failure to state a claim on October 28, 2020. (ECF No. 12.) The motion is fully briefed, the matter is ripe for disposition, and the Court now issues the following ruling.

## **LEGAL STANDARDS**

**Subject Matter Jurisdiction**

When a party challenges the factual basis for a federal court's subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving the district court possesses subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)). In considering a Rule 12(b)(1) motion to dismiss, the district court is to regard the pleadings as mere evidence on the issue of subject matter jurisdiction and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment. *Id.* (citing *Adams*, 697 F.2d at 1219; *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). However, even if the jurisdictional requirements of

complete diversity and amount in controversy are satisfied, subject matter jurisdiction is lacking if a plaintiff's allegations do not demonstrate Article III standing to sue the defendant. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (affirming dismissal where plaintiff failed to set forth allegations in its complaint sufficient to establish standing). The "irreducible constitutional minimum of" of Article III standing has three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

**Personal Jurisdiction**

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). If the court addresses the issue of jurisdiction on the basis of pleadings and supporting legal memoranda without an evidentiary hearing, "the burden on the plaintiff is simply to make a prima facie showing of a jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Bakker*, 886 F.2d 673, 675 (4th Cir. 1989). In deciding such a motion, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* at 676.

Specific jurisdiction over a cause of action arising from a defendant's contacts with the State is granted pursuant to South Carolina's long arm statute, S.C. Code Ann. § 36-2-803. South Carolina's long-arm statute has been construed to extend to the

constitutional limits imposed by the due process clause of the U.S. Constitution. *Young v. Jones*, 816 F. Supp. 1070, 1073 (D.S.C. 1992) (citing *Triplett v. R.M. Wade & Co.*, 200 S.E.2d 375, 379 (S.C. 1973)). The specific jurisdiction inquiry under the due process clause "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (quotation marks omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. "[T]he relationship [between the suit-related conduct and the forum] must arise out of contacts that the 'defendant [it]*self*' creates with the forum State." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

A corporation is subject to general personal jurisdiction where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The "paradigm" forums for general jurisdiction are a corporation's place of incorporation and principal place of business. *Id.* at 137. General jurisdiction over a corporation in a forum other than its formal place of incorporation or principal place of business would be an "exceptional case." *See id.* at 139 n.19 (stating the possibility of such an exceptional case is not foreclosed, but noting that the case under consideration presented no occasion to explore the question).

**Failure to State a Claim**

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint, considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). Although the allegations in a complaint generally must be accepted as true, that principle "is inapplicable to legal conclusions," and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citations and quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Colon Health Centers of Am., LLC v. Hazel*, 733 F.3d 535, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)).

6

"A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss . . . ." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 30 (1st Cir. 2010).

## **DISCUSSION**

HFSG argues that the claims against it fail for one fundamental reason: it is not a party to the insurance contract at issue. They contend: (1) Fancy That lacks Article III standing to sue HFSG with respect to this dispute because it has no injury fairly traceable to HFSG; (2) the Court does not have personal jurisdiction over HFSG; and (3) the amended complaint fails to state a claim because HFSG has no obligations under an insurance contract to which it is not a party.

At the outset, the Court notes that Fancy That's complaint lumps Sentinel and HFSG together as "Defendants" in its substantive allegations regarding breach of contract and purportedly improper denial of coverage. (*See* Compl. ¶¶ 95–193.) It makes no allegations of specific conduct by HFSG with respect to Fancy That. The complaint also makes no allegations regarding the existence of a specific corporate entity known as "The Hartford." (*See generally* Compl.)

### A.  Subject Matter Jurisdiction

The Court finds that Fancy That lacks Article III standing to sue HFSG, which is not an "insurer" under the Policy. (*See* ECF No. 12-1 at 30 (listing Sentinel as the insurer).) Fancy That's complaint fails to demonstrate standing as to HFSG because the alleged injury in fact—to wit, denial of coverage for business income interruption due to the Virus—is *not* fairly traceable to the challenged conduct of HFSG. *See Spokeo*, 136 S. Ct. at 1547. Fancy That cannot demonstrate any injury fairly traceable to the conduct of

7

HFSG because it has no contract with them and has not alleged any other harm attributable to them. *See Meyer v. McMaster*, 394 F. Supp. 3d 550, 561–62 (D.S.C. 2019) (holding automobile owner failed to demonstrate that any alleged injury he suffered from automobile manufacturer's decision not to open dealerships in South Carolina was fairly traceable to South Carolina governor and attorney general's actions and dismissing for lack of standing).

The Fourth Circuit has stated that a plaintiff cannot sue insurers with which it has no contract. *See, e.g.*, *S. States Life Ins. Co. v. Matthews*, 205 F.2d 830, 831–33 (4th Cir. 1953) (holding no contract of insurance existed after previous policy lapsed and was not renewed, precluding liability for insurer); *see also Dash v. FirstPlus Home Loan Owner Tr. 1996-2*, 248 F. Supp. 2d 489, 503 (M.D.N.C. 2003) ("Absent a contractual relationship with any of [d]efendants, [p]laintiffs cannot possibly show that their injuries, such as they have suffered, are traceable to the conduct of any of [d]efendants, nor can they possibly show that a judicial ruling in their favor would likely redress their injuries."). HFSG has no contractual liability to Fancy That and the traceability requirement for standing has not been met. Sentinel issued the policy and only Sentinel could deny coverage. Accordingly, the motion to dismiss under Rule 12(b)(1) is granted.

### B. Personal Jurisdiction

The Court finds that Fancy That has not demonstrated that HFSG is subject to general or specific personal jurisdiction in South Carolina. First, HFSG is not subject to general personal jurisdiction in this State. It is not incorporated in South Carolina and does not maintain its principal place of business here. *See Daimler*, 571 U.S. at 137 (stating formal place of incorporation and principal place of business are the paradigmatic

forums for general jurisdiction). Fancy That has not even begun to show that HFSG has such "continuous and systematic" contacts with South Carolina as to render it "essentially at home" in this State. *See id.* at 138–39. Thus, general jurisdiction is a non-starter in this action.

Second, the complaint does not show that HFSG is subject to specific personal jurisdiction in South Carolina. HFSG did not issue the Policy to Fancy That. Despite Fancy That's contention to the contrary, it was Sentinel, the issuing insurer, that denied Fancy That's claim for business interruption income losses. The complaint alleges that HFSG "serves as a holding company for several smaller insurer subsidiaries including Sentinel." (Compl. ¶ 3.) However, a parent company is not subject to personal jurisdiction in a particular forum merely due to its relationship with a subsidiary. *See, e.g.*, *Gray v. Riso Kagaku Corp.*, 82 F.3d 410 (4th Cir. 1996) ("[T]he mere fact that [a defendant's] subsidiaries do business in South Carolina does not confer personal jurisdiction over [the defendant]."). The complaint does not allege facts that would allow the Court to disregard the corporate separateness of these distinct entities. South Carolina courts have consistently recognized that it is difficult to plead that one entity is the alter ego of another and Fancy That has not set forth facts to meet the elements of such a claim. *See J.R. v. Walgreens Boots All., Inc.*, 470 F. Supp. 3d 534, 549 (D.S.C. 2020) (stating that the lack of evidence to suggest that defendants failed to observe corporate formalities alone was fatal to alter ego argument). Accordingly, HFSG is not subject to personal jurisdiction based on its parent-subsidiary relationship with Sentinel.

Moreover, Fancy That's allegations do not suffice to establish that the presence in the Policy and in claims correspondence of the phrase "The Hartford" and/or the Hartford

9

logo (*see, e.g.*, Compl. ¶¶ 42, 58) is anything more than a trade name used by Hartford-related entities. The gravamen of the allegations in the amended complaint arises from the denial of Fancy That's claim for losses related to the Virus. Sentinel, the only entity that issued the Policy, is the only entity that could potentially have an obligation of payment and therefore the entity that denied the claim. Thus, Fancy That's averments are insufficient to show that HFSG established the minimum contacts with South Carolina necessary to confer specific jurisdiction under the State's long arm statute.

In summary, Fancy That has failed to allege a *prima facie* basis for personal jurisdiction over HFSG. *See Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 410 (D.S.C. 2012) (stating a plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over a nonresident defendant). Therefore, the claims against HFSG are subject to dismissal for lack of personal jurisdiction under Rule 12(b)(2).

### C. Failure to State a Claim

Even if this Court possessed subject matter and personal jurisdiction over HFSG, Fancy That's claims against HFSG would be dismissed for failure to state a claim on which relief can be granted. All causes of action in the complaint—breach of contract and declaratory judgment alike—are premised on the existence of a contractual relationship between HFSG and Fancy That. (*See* Compl. ¶¶ 95–193.) However, as explained above, Sentinel, not HFSG, agreed to insure Fancy That. (*See* ECF No. 12-1 at 2 ("Writing Company" is "Sentinel Insurance Company, Limited"), 30 (declarations page listing "Insurer" as "Sentinel Insurance Company, Limited"), 178 (trade or economic sanctions endorsement listing "Company Name" as "Sentinel Insurance Company, Limited").) The

10

Policy never mentions HFSG.

HFSG cannot be held liable for breaching a contract to which it is not a party. *See Murphy v. Jefferson Pilot Commc'ns Co.*, 657 F. Supp. 2d 683, 693 (D.S.C. 2008) ("Only parties to a contract may be sued for a breach of contract cause of action."); *see also Winkler v. Hartford Fin. Servs. Grp.*, No. 2:10-cv-02222-RLH, 2011 WL 1705559, at *2 (D. Nev. May 3, 2011) (dismissing claims against HFSG because it was not the insurer).

Fancy That's allegations regarding the phrase "The Hartford," the Hartford logo, and other references to "Hartford" in the Policy and related documents, even when considered in the light most favorable to Fancy That, are insufficient to show that Fancy That had a contractual relationship with HFSG. Notably, the complaint does not include any explicit allegation that "The Hartford" is the same entity as HFSG, as opposed to simply a trade name. Rather, the caption and introductory paragraph assert, without explanation, that HFSG is doing business as ("d/b/a") The Hartford. (*See* ECF No. 1 at 1.) Fancy That states "the Insurers appear to have jointly issued the subject policy and adjusted the claims that are the subject of this suit" (Compl. ¶ 20), but Fancy That's subjective belief about the correct name/identity of its insurer(s) is irrelevant to whether HFSG is a party to the Policy. With respect to an alleged breach of an insurance contract, Fancy That must state a claim against an actual legal entity that is party to the contract, which in this case is Sentinel alone.

The same is true regarding Fancy That's declaratory judgment claims. Since HFSG is not a party to the Policy, they have no obligations under it. There being nothing "to declare" as to HFSG, Fancy That has failed to state a claim for declaratory judgment against it. *See, e.g.*, *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 55–56 (4th

Cir. 2011) ("[The Declaratory Judgment Act] is remedial only and neither extends federal courts' jurisdiction nor creates any substantive rights. . . . Here, [plaintiff]'s substantive claims fail. Accordingly, so must its Declaratory Judgment Act claim."). Because Fancy That has failed to state a claim against HFSG for breach of contract, it also cannot assert a freestanding declaratory judgment claim against HFSG. Accordingly, the claims against HFSG are subject to dismissal for failure to state a claim under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, Defendant The Hartford Financial Services Group, Incorporated's motion to dismiss (ECF No. 12) is GRANTED, and HFSG is dismissed from this action. Accordingly, the only remaining Defendant is Sentinel Insurance Company Limited and Fancy That's claims will proceed against Sentinel alone.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 13, 2021
Charleston, South Carolina